Matthews *v.* Union Savings Building & Loan
Association

4-4037

Opinion delivered January 20, 1936.

*Archie D. Murphey* and *Coulter & Coulter,* for appellants.

*J. S. Brooks* and *Fred L. Purcell,* for appellees.

Humphreys, J. This is an appeal from a final order rendered by the chancery court on January 17, 1935, in the Second Division of the Chancery Court of Union County in the case of Mrs. Lilly J. McGraw *v.* El Dorado Building and Loan Association et al., which is as follows:

"On this, the 7th day of January, 1935, all of the parties to this action being present by counsel, this cause is submitted to the court on the third and final report of the special master; on the master's fourth report filed in this cause, and upon a proposition and offer made by defendant, Union Savings Building & Loan Association, to deliver to the receiver, heretofore appointed by the court in this action, investment certificates representing liability of the El Dorado Building & Loan Association to its investment stockholders in the total sum of ten thousand dollars ($10,000), to be in full accord and satisfaction and settlement of all claims of every nature against defendant Union Savings Building & Loan Association made in this cause, and existing or arising by reason of and on account of that certain contract or articles of agreement entered into by and between the boards of directors of the said El Dorado Building & Loan Association and Union Savings Building & Loan Association on the 15th day of March, 1932, which articles of agreement and the actions of the parties thereunder have formed the basis of litigation in this action,

both in the complaint filed herein and in the cross-complaint against defendant Union Savings Building & Loan Association, its officers and directors, and against Raymond Rebsamen, G. Russell Brown and Fred L. Purcell, as individuals, and it appearing to the court from the master's said reports, from all evidence adduced in the case, both by deposition and *ore tenus,* and transcribed and filed as a part of the record, that the defendant, Union Savings Building & Loan Association, and its officers and directors, have fully and faithfully administered the estate of the El Dorado Building & Loan Association while in the hands or possession of the Union Savings Building & Loan Association, and that the said defendants have fully and faithfully accounted to the receiver for all assets taken into its possession under said contract or articles of agreement, and completely discharged its obligation with reference thereto, and that it has withheld nothing for which it was in duty bound to account under the orders of this court; that neither Union Savings Building & Loan Association, nor its officers or directors, nor the individual defendants in the cross-complaint filed herein are in any wise liable to cross-complainants as alleged, and it appearing to the court from the evidence adduced that it is to the advantage of the estate of the El Dorado Building & Loan Association, and to its stockholders, that an end be made of the issues and of all issues between all parties in this action, both upon the complaint and upon the cross-complaint by the settlement so offered by defendant Union Savings Building & Loan Association as herein recited, it is therefore ordered, adjudged and decreed by the court that the third and final report of the special master filed in this cause and the master's fourth report filed herein in so far (and to that extent only) as they apply to and affect said Union Savings Building & Loan Association, be, and the same are, hereby approved, and it is further ordered by the court that the receiver, Tom Marlin, heretofore appointed in this cause, be and he is authorized and directed to accept from Union Savings Building & Loan Association the said investment stock certificates of the El Dorado

Building & Loan Association in the total sum of ten thousand dollars ($10,000) in full accord and satisfaction of the total amount found by the master to be due the receiver by the Union Savings Building & Loan Association, and the same is a full accord and satisfaction of all claims of every nature and kind against the Union Savings Building & Loan Association in this action.

"The cross-complaint filed herein against Union Savings Building & Loan Association, its officers and directors, and against Raymond Rebsamen, G. Russell Brown, and Fred L. Purcell, is without equity and should be and is by the court dismissed."

Appellants contend for a reversal of the order on the ground that it was made on a basis unfair to them, but they have not brought into the record the evidence on which the chancery court based its order, so we cannot try the issues involved on this appeal *de novo* as suggested by appellants, and for that reason cannot try the issues *de novo* involved in the order of the chancery court fixing the value of investment certificates, from which an appeal was prayed.

The orders or decrees appealed from are therefore affirmed.